UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID EARL WATTLETON, | Case No. 24-CV-4191 (KMM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| M. HAGANS and K. ANDERL, | |
| Defendants. | |

Plaintiff David Earl Wattleton, proceeding *pro se*, has sued officials at the Federal Medical Center in Rochester, Minnesota, alleging they interfered with his efforts to vote in Minnesota's 2024 general election. *See, e.g.*, ECF 3 at 1 ("R&R"). Former U.S. Magistrate Judge Tony N. Leung's R&R recommends dismissal with prejudice under 28 U.S.C. § 1915(e)(2). *See id.* at 5–6. The R&R concludes, in relevant part, that under *Arkansas State Conference NAACP v. Arkansas Board of Apportionment*, 86 F.4th 1204 (8th Cir. 2023), Mr. Wattleton has no private right of action for his asserted Voting Rights Act ("VRA") theory. *See id.* at 3–5. Mr. Wattleton has objected. *See* ECF 4. Mr. Wattleton has also moved for a status conference and for the Clerk of Court to provide him with an updated copy of the docket for this matter. *See* ECF 5.

Since Magistrate Judge Leung issued his R&R, relevant case law has materially developed. Earlier this year, the Eighth Circuit Court of Appeals decided *Turtle Mountain Band of Chippewa Indians v. Howe*, 137 F.4th 710 (8th Cir. 2025), which also addresses private enforcement under the VRA. Over a strong dissent, the *Turtle Mountain Band* decision further

extended the limitation of private enforcement under the VRA. And on July 24, 2025, the U.S. Supreme Court granted an application to stay the mandate in *Turtle Mountain Band*. *See Turtle Mountain Band v. Howe*, No. 25A62, 2025 WL 2078664 (U.S. July 24, 2025). The Supreme Court's order does not resolve or address the merits, but certainly underscores that important governing questions remain unsettled pending further review.

As noted above, the R&R's recommended dismissal with prejudice in this case rests on the view that *Arkansas State Conference NAACP* bars private enforcement of the VRA provision at issue. *See* R&R 3–5. Given the Supreme Court's stay of the Eighth Circuit's mandate in *Turtle Mountain Band*, the Court finds it premature to adopt the R&R here. The Court takes no position on the ultimate merits of Wattleton's claims or on the proper vehicle, if any, for pursuing them. But the better course is to decline to adopt the R&R and potentially provide Wattleton limited legal consultation to clarify the record and issues. The Court will therefore refer Wattleton, by separate letter, to the Pro Se Project, a program of the Minnesota chapter of the Federal Bar Association that connects unrepresented litigants with volunteer attorneys for consultation in litigation.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court **DECLINES TO ADOPT** the Report and Recommendation dated December 10, 2024 [ECF 3].

2. By separate letter, the Court will **REFER** Plaintiff David Earl Wattleton to the Pro Se Project.

3. After the Pro Se Project responds (either by identifying a volunteer attorney or stating that none is available) the Court will set further case-management deadlines. Until then, further briefing (including on Mr. Wattleton's pending IFP application, [ECF 2]) will be held in abeyance.

4. Furthermore, Mr. Wattleton's motion for a status conference and docket sheet [ECF 5] is **DENIED** in part and **GRANTED** in part. The request for a status conference is denied at this time. The Court's referral to the Pro Se Project, and any subsequent attorney consultation, should take place before other, next steps. However, the Clerk of Court is **ORDERED** to include an updated copy of the docket when it mails this Order to Mr. Wattleton.

Date: August 12, 2025

*s/ Katherine M. Menendez*
Katherine M. Menendez
United States District Judge

3